```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


JAMES A. HARNAGE,                 :
        Plaintiff,                :
                                  :           PRISONER
     v.                           :  Case No. 3:12-cv-107(AWT)
                                  :
LEO ARNONE, et al.,               :
        Defendants.               :
```

                          INITIAL REVIEW ORDER

     Sixty-one present and former inmates have attempted to file this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  The *in forma pauperis* statute requires that each person wishing to commence a lawsuit without payment of the filing fee must submit an application to proceed *in forma pauperis*.  28 U.S.C. § 1915(a)(1).  In addition, since they are proceeding <u>pro se</u>, each plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  James A. Harnage, the listed plaintiff, is the only person to have signed the complaint and completed an application to proceed *in forma pauperis*.  For this reason, he is considered by the court to be the only plaintiff in this action.  All claims asserted by Gregory Owens, James R. Waskowich, Shawn McDermid, James Mendoza Jr., Timothy St. Jean Jr., Duane E. Atkins, Jonas M. Smith, Richard Ranslaw II, Emanuel Torres, George L. Martin III, Alejandro Zapata, Sebastian Award, Shawn Audet Sr., Johnathan Lopez, David Duffany, Martin Gingras, Johnathan Gallup,

Fernando Diaz, Joseph Vargas, Curtis W. Nichols, Hector Irrizary, Demetrius R. Miller, James Clodfelter, Jeremy Otero, Michael Place, Eduardo Odorno, David Chavannes, Anthony Whitaker, Lamont Rosegreen, Dominic Narcissa, Robert Schleich, Jesse Trudeau, David Tobey, Brian Mercurio Sr., Victor Garcia, Larry J. Jandrow, Archie J. Johnson, Alexander Shanfeld, Michael C. Harnage, Shawn Williams, Kent Barrett, Paul E. Brennan, Joseph M. Spraski, Alexander Mayer, Marc Pontes, Christopher Caruso, Mathew Ploof, Steven Lamotte, Latavin Harris, Michael W. Barracliff, Antwan Byrd, Antonio Wilson, Thomas Sentementes, Jack Boyko, Gaylord Salters, Edwin Vega, Kevin D. Kelly, Jeffrey N. Almeida and Raul Cardona are dismissed. These individuals may file separate lawsuits asserting their own claims.

In addition, the plaintiff states that he is asserting claims on behalf of a class of similarly situated incarcerated individuals. The plaintiff cannot bring a class action lawsuit *pro se*. *See Morneau v. Connecticut*, No. 3:07cv819(JBA), 2008 WL 2704817, at *3 (D. Conn. Jul. 7, 2008) (holding that *pro se* prisoner cannot adequately represent interests of class of prisoners). Accordingly, any claims asserted on behalf of unidentified prisoners also are dismissed.

The plaintiff names as defendants Leo Arnone, Anthony Coletti, Scott Erfe, Martin Pluszynski, Herbert Williams, Carbet Meyers, Anndean Kmetz, Joseph Iozzia, Daniel Cronin, Thomas

2

Holmes, Jeffrey Brehler, Kurt Schwegoffer, Raymond Perkins, David Peck, Jay Leszmiewski, William Delaney, Steven Wales, Brett Fulcher, Michael Diloreto, William Longton, Tarrant, Bessette, Espinosa, Trainor, McGaughin, Moriaty, Stowell, Brian K. Murphy, Brighthaupt, Watson, Hardy and 59 John Does.  Most of the identified defendants work at Corrigan-Radgowski Correctional Center.  The Doe defendants are from Corrigan-Radgowski Correctional Center, Garner Correctional Institution, Bridgeport Correctional Center, Hartford Correctional Center, New Haven Correctional Center and Cheshire Correctional Institution.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*,

556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The plaintiff includes seven counts in his complaint challenging various practices within the Department of Correction. In Count I, the plaintiff alleges that, upon his admission to the Corrigan-Radgowski Correctional Center ("Corrigan") in 2008 as a pretrial detainee, he was strip-searched with two or three other inmates. The search was conducted without regard to any suspicion that he might be concealing contraband and was not conducted in a private setting. The plaintiff does not identify which defendants conducted this search. He only states that the Commissioner of Correction and wardens of all of the correctional facilities referenced in the complaint should have known that such searches were unconstitutional, especially with regard to persons arrested for minor offenses.[1]

---

[1] The plaintiff does not identify the offense with which he was charged. Department of Correction records, however, indicate that he is not currently serving a sentence for a minor offense.

In Count II, the plaintiff alleges that upon returning to the correctional facility from court appearances, inmates are required to undergo the same strip search procedure with several other inmates and in the presence of many correctional staff and between twenty and thirty inmates. The plaintiff underwent this procedure at Corrigan. He does not identify any defendants who directly participated in these searches.

In Count III, the plaintiff alleges that, after he was transferred to Garner Correctional Institution ("Garner") he was required to undergo multiple strip searches when returning from court, first when the van stopped at Corrigan and then again when he reached Garner.

In Count IV, the plaintiff alleges that inmates are unreasonably searched because correctional staff will not allow inmates to cover the cell window while they perform bodily functions. The plaintiff does not allege any specific dates on which he was prevented from covering his window while performing bodily functions or identify any defendants who ordered him to remove a covering on his window.

In Count V, the plaintiff alleges that when he was transferred to the restrictive housing unit, he was required to

---

The plaintiff's controlling offense is a charge of sexual assault in the first degree for which he is serving a forty-year sentence. *See* www.ctinmateinfo.state.ct.us (last visited Feb. 8, 2012).

undergo a strip search in the presence of five or six correctional officers. The plaintiff does not identify the correctional facility at which this occurred or any defendants who were present.

In Count VI, the plaintiff alleges that, at various times, he has been confined in a housing unit with in-cell feeding while inmates in other housing units participated in communal meal periods. He also alleges that, although there are two dining halls at Corrigan, only one is used for inmate meals. The other was converted to a staff lounge. The plaintiff contends that the meals served in-cell are cold and contain smaller portions than the meals in the dining hall.

In Count VII, the plaintiff alleges that when he was living in a housing unit at Corrigan partaking in communal meals, he was not afforded a full twenty minutes to eat his meal. The meal period encompassed the time spent in line waiting to receive the meal. Thus, inmates toward the end of the line had to eat their meal in less than five minutes. The plaintiff states that inmates had been permitted to take a piece of fruit or bag of chips from their tray when they left the dining hall. After the plaintiff complained about the short meal times, however, this process was discontinued. The plaintiff was identified in the dining hall as the reason for the change. The plaintiff contends that this was an act of retaliation for filing the administrative

grievance, but does not identify the correctional officer who announced the change and attributed it to the plaintiff.

The plaintiff has alleged that he experienced the actions giving rise to the complaint only while confined at Corrigan and Garner. Because the plaintiff cannot assert claims on behalf of inmates experiencing these conditions at other correctional facilities all claims against the defendants from those other correctional facilities are dismissed. The case will proceed only as to the claims against the Commissioner and Acting Commissioner of Correction, the wardens at Corrigan and Garner and correctional staff at Corrigan and Garner.

A correctional officer is not liable for damages under section 1983 unless he or she was personally involved in the alleged violation of the plaintiff's rights. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). The plaintiff does not identify particular actions of any of the correctional staff defendants in the statement of his claims. Without allegations of acts or omissions by any correctional staff defendant, the court cannot discern how each defendant was involved in the claim and whether the claim against that defendant should proceed. Thus, before the court reviews the merits of the plaintiff's claims, he must amend his complaint. In the amended complaint he shall include allegations describing how each of the remaining correctional staff defendants was personally involved in the

incidents described in the complaint.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)  All claims asserted by Gregory Owens, James R. Waskowich, Shawn McDermid, James Mendoza Jr., Timothy St. Jean Jr., Duane E. Atkins, Jonas M. Smith, Richard Ranslaw II, Emanuel Torres, George L. Martin III, Alejandro Zapata, Sebastian Award, Shawn Audet Sr., Johnathan Lopez, David Duffany, Martin Gingras, Johnathan Gallup, Fernando Diaz, Joseph Vargas, Curtis W. Nichols, Hector Irrizary, Demetrius R. Miller, James Clodfelter, Jeremy Otero, Michael Place, Eduardo Odorno, David Chavannes, Anthony Whitaker, Lamont Rosegreen, Dominic Narcissa, Robert Schleich, Jesse Trudeau, David Tobey, Brian Mercurio Sr., Victor Garcia, Larry J. Jandrow, Archie J. Johnson, Alexander Shanfeld, Michael C. Harnage, Shawn Williams, Kent Barrett, Paul E. Brennan, Joseph M. Spraski, Alexander Mayer, Marc Pontes, Christopher Caruso, Mathew Ploof, Steven Lamotte, Latavin Harris, Michael W. Barracliff, Antwan Byrd, Antonio Wilson, Thomas Sentementes, Jack Boyko, Gaylord Salters, Edwin Vega, Kevin D. Kelly, Jeffrey N. Almeida and Raul Cardona are **DISMISSED** pursuant to 28 U.S.C. § 1915(a)(1) and Fed. R. Civ. P. 11(a).  These individuals may file separate lawsuits asserting their own claims.

(2)  Any claims asserted as a class action on behalf of unidentified prisoners are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(3)  All claims against defendants Doe 7, Doe 8, Doe 9, Does 20-29, Does 30-39, Does 40-49, Warden Brighthaupt, Captain Watson, Captain Hardy and Does 50-59 are **DISMISSED** pursuant to 28 U.S.C. § 1915A as they were included for the claims of persons dismissed as plaintiffs in this case.

(4)  The plaintiff shall file an amended complaint within **thirty (30)** days from the date of this order.  The amended complaint shall include only the plaintiff's own claims regarding the incidents described in the original complaint and shall include allegations demonstrating the involvement of the correctional staff defendants at Garner and Corrigan in his claims.  Once the amended complaint is filed, the court will review the merits of the claims and determine whether this action should proceed.

Entered this 3rd day of May 2012, at Hartford, Connecticut.

                                          /s/AWT
                                   Alvin W. Thompson
                            United States District Judge